## H. S. INGRAHAM v. GEORGE A. MORRIS.

1. CONTRACT, *Construed.* An allegation that the "plaintiff contracted with the defendant to cut and bind wheat for the defendant," is not an allegation that the plaintiff contracted with the defendant to cut and bind *all* the wheat which the defendant owned.

2. VERDICT, *Not Set Aside.* Where the evidence is conflicting upon a given subject, but sufficient to sustain the verdict of the jury, the supreme court cannot set aside such verdict.

*Error from Wyandotte District Court.*

THE opinion states the case. Trial at the December Term, 1884, and judgment for plaintiff *Morris.* The defendant *Ingraham* brings the case here.

*W. C. Stewart,* for plaintiff in error.

*Stevens & Stevens,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by George A. Morris before a justice of the peace of Wyandotte county, against H. S. Ingraham, for work and labor in cutting and binding wheat. Judgment was rendered in favor of the plaintiff and against the defendant, and the defendant appealed to the district court, where the case was tried before the court and a jury, and a verdict and judgment were rendered in favor of the plaintiff and against the defendant for $54.50. The defendant brings the case to this court.

The plaintiff in error, defendant below, alleges two principal

grounds for reversal of the judgment of the court below : First, that the plaintiff below did not prove the cause of action which he set forth in his bill of particulars; second, that he did not prove any cause of action. The plaintiff alleged in his bill of particulars, among other things, as follows :

"That sometime in the month of April, 1884, plaintiff contracted with the defendant to cut and bind wheat for the defendant, for which the defendant was to pay the plaintiff at the rate of $1.50 per acre; that in pursuance to said agreement plaintiff cut and bound 38 acres, amounting to $57, which defendant refused to pay."

The evidence on the trial showed that the defendant had about 56⅓ acres of wheat, in three separate pieces; that the plaintiff cut and bound two of such pieces, or 36⅓ acres, and did not cut or bind the other piece, which contained about twenty acres. The plaintiff in error, defendant below, now claims that the plaintiff alleged in his bill of particulars in effect that he agreed to cut and bind *all* the defendant's wheat, while his proof introduced on the trial showed that he agreed to cut and bind just twenty acres of such wheat, and no more, and therefore he claims that there was a variance between the plaintiff's allegations and his proof, and therefore that he cannot recover. We perceive no such variance. The plaintiff *did not allege* that he agreed to cut and bind *all* the defendant's wheat, but simply alleged that he "contracted with the defendant to cut and bind wheat for defendant," without alleging any amount; and the evidence not only proved that the plaintiff agreed "to cut and bind wheat for the defendant," but also proved that he did in fact cut and bind the same. The allegation that the "plaintiff contracted with the defendant to cut and bind wheat for the defendant," is not an allegation that the plaintiff contracted to cut and bind *all* the wheat which the defendant owned. In our opinion, there is clearly no variance between the plaintiff's allegations and his proof.

1. Contract construed.

The plaintiff in error, defendant below, further claims that the plaintiff below did not prove any cause of action; and this claim is founded upon the theory that the plaintiff agreed to

cut and bind *all* the defendant's wheat, but failed to do so. The question as to what the plaintiff agreed to do is a question of fact, which was submitted to the jury upon the evidence, and the jury found against the defendant and in favor of the plaintiff, and the court below sustained the verdict of the jury. And while the evidence was conflicting and contradictory, and possibly the preponderance thereof in favor of the defendant, yet we think there was sufficient evidence to sustain the verdict of the jury, and hence their verdict must be sustained. The plaintiff himself testified that he did not agree to cut and bind all the defendant's wheat; that he refused to make any such agreement; and refused particularly to agree to cut and bind the twenty-acre piece. Indeed, he testified that he did not agree to cut and bind more than twenty acres, but that he did in fact cut and bind 36½ acres.

2. Verdict, not set aside.

The judgment of the court below will be affirmed.

All the Justices concurring.